# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

Chelsey D. Woodard,
Plaintiff,

v.

United States Department of the Air Force,
United States Department of Defense,
Defense Health Agency,
United States Department of the Army,
Office of the Secretary of the Air Force Inspector General,
Other Agencies or Components as Identified Through Discovery,

Defendants.

Case: 1:25-cv-02329    **JURY DEMAND**
Assigned To : Jackson, Amy Berman
Assign. Date : 7/14/2025
Description: FOIA/Privacy Act (I-DECK)

---

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES**

**Freedom of Information Act (5 U.S.C. § 552)**
**Privacy Act of 1974 (5 U.S.C. § 552a)**

---

## INTRODUCTION

1. This is an action under the **Freedom of Information Act ("FOIA")**, 5 U.S.C. §552, and the **Privacy Act**, 5 U.S.C. §552a, seeking production of records, declaratory relief, injunctive relief, damages, and preservation of evidence relating to multiple investigations, administrative actions, medical evaluations, and potential retaliatory conduct directed against Plaintiff, a former U.S. Air Force member who engaged in protected communications and reported misconduct.
2. The Defendants have engaged in a **persistent and unlawful pattern of withholding records**, delaying responses beyond statutory deadlines, denying access to records necessary to challenge adverse personnel and medical actions, and potentially destroying or altering responsive documents.
3. This Complaint seeks to compel immediate compliance with FOIA and the Privacy Act, to secure preservation of all records, and to obtain compensation and accountability for the violations suffered.



RECEIVED
JUL 14 2025
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

## JURISDICTION AND VENUE

4. This Court has jurisdiction under **5 U.S.C. §552(a)(4)(B)** and **5 U.S.C. §552a(g)(1)(B) and (g)(3)**.
5. Venue is proper in this District under **5 U.S.C. §552(a)(4)(B)** and **28 U.S.C. §1391(e)** because records are maintained by agencies headquartered in Washington, D.C.

## PARTIES

6. **Plaintiff** is Chelsey D. Woodard, former Senior Airman, U.S. Air Force, and a requester under FOIA and the Privacy Act.
7. **Defendants** are components of the United States government subject to FOIA and the Privacy Act.

## FACTUAL BACKGROUND

8. Beginning in **2020**, Plaintiff reported **military sexual trauma, toxic command climate, HIPAA violations, and misconduct by Air Force leadership**, including personnel stationed at Osan AFB, Hurlburt Field, and MacDill AFB.
9. Plaintiff was subjected to:
    - Multiple **unfounded investigations**.
    - **Egregious wrongful diagnosis of a mental health condition** by Maj Ryan Kalpinski, later contradicted by an independent evaluation.
    - Placement of adverse personnel codes and records without due process.
    - Retaliatory actions by command and administrative staff.
10. In **2023**, Plaintiff submitted a **FOIA and Privacy Act request** seeking *all records, call logs, investigations, recommendations, and emails* related to her complaints. This request remains **unanswered after more than 24 months**.
11. In **September 2024**, the Air Force Inspector General (SAF/IGQ) created cases **FRNO 2024-16608** and **FRNO 2024-16616**, transferring portions to DHA IG. Mrs. Eva Roberts-Madrid acknowledged interviews, evidence, and involvement of **numerous investigators and witnesses** but refused to release any records to Plaintiff.
12. On **October 21, 2024**, Plaintiff filed a **reprisal complaint with DHA IG**, which was abruptly closed after Plaintiff declined to sign a **Non-Disclosure Agreement ("NDA")**.
13. On **December 12, 2024**, DHA IG issued a final denial letter dismissing the complaint as duplicative without further explanation.
14. In **May 2025**, Mrs. Roberts-Madrid reopened and created a new complaint (**FRNO 2024-22693**) citing prior DHA matters that had been closed, then closed it unilaterally when Plaintiff declined to clarify under legal advice.
15. On **March 21, 2025**, Plaintiff submitted a **Standard Form 95** asserting tort claims related to these events. The Air Force acknowledged receipt on **April 9, 2025**.

16. There are **credible concerns** that:

- Defendants are **altering or destroying records** to mitigate liability.
- **Metadata, call logs, and internal communications** have been withheld.
- Defendants have failed to maintain a proper **Vaughn Index** explaining exemptions.
- Witness statements, recommendations by higher command, and the identities of decision-makers were **never disclosed**. Most have since retired from their positions.

17. Plaintiff has exhausted administrative remedies and seeks judicial intervention.

# CAUSES OF ACTION

## COUNT I — FOIA Violations

18. Plaintiff repeats and incorporates all prior paragraphs.
19. Defendants failed to comply with statutory deadlines, provide responsive records, or issue lawful denials.
20. Defendants failed to produce:

- Full investigative files (including **logs, witness statements, recommendations, internal memoranda, electronic messages, metadata, and call records**).
- The **11 pages** withheld without adequate justification.
- Records from **EO, SAPR, security forces, DHA, and command channels**.

## COUNT II — Privacy Act Violations

21. Plaintiff repeats and incorporates all prior paragraphs.
22. Defendants failed to produce records maintained in systems of records concerning Plaintiff, including:

- Medical records.
- Personnel records.
- Investigative records.
- Correspondence with Members of Congress and Plaintiff's counsel.

23. Defendants failed to amend inaccurate or incomplete records despite Plaintiff's requests and rights under the Privacy Act.
24. Defendants' failures have caused **adverse determinations** and irreparable harm.

# REQUESTS FOR RELIEF

Plaintiff respectfully requests:

A. **Declaratory Judgment** that Defendants violated FOIA and the Privacy Act.

B. **Order compelling production** of all responsive records, including but not limited to:

- **All investigative files**, including logs, witness interviews, recommendations, memos, call records, emails, text messages, chat logs, and metadata.
- Records of all persons (military, civilian, or contractor) who accessed or reviewed Plaintiff's files from **2020 to the present**, including identities of:
    - IG investigators.
    - SAPR, EO, and medical personnel.
    - Command-level officials.
    - Contractors.
- Records of any recommendations or communications from **General Harrell** or other senior officials.
- Records from security forces and any investigations.
- Records of any wire taps, surveillance, or related actions.
- All original copies of case referrals, closure memos, and logs maintained by any agency.
- Records withheld under the alleged exemptions (11 pages).
- All information regarding the creation and closure of cases **FRNO 2024-16608, 16616, 22693**, and others.

C. **Order preserving all evidence**, including:

- Digital and hard copy records.
- Communications on official and personal devices.
- Logs of access to Plaintiff's data.
- Metadata.
- Any destroyed or altered records, with a sworn explanation of:
    - What was destroyed.
    - Who authorized destruction.
    - When it occurred.

D. **Award actual damages**, costs, and reasonable attorney's fees under 5 U.S.C. §552a(g)(4).

E. **Grant any other relief the Court deems just and proper.**

---

# MOTION TO PRESERVE EVIDENCE

Plaintiff separately moves this Court for an order requiring Defendants to:

- Immediately preserve all records, logs, emails, text messages, metadata, and other evidence.
- Halt any destruction, deletion, or modification of relevant materials pending resolution.
- Provide a sworn certification of compliance.

## RESERVATION OF RIGHTS

Plaintiff reserves the right to:

- Supplement or amend this Complaint.
- Pursue additional claims under the Constitution and other federal statutes.
- Name specific officials and entities as defendants after discovery.

**Respectfully submitted,**

Chelsey D. Woodard
PO Box 693248,
Miami, Fl, 33269
(813)709-4219
Woodardchelsey@gmail.com

Pro Se Plaintiff